UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JORDAN E. SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20CV198 HEA |
| | ) | |
| RICHARD D. AKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Reconsider the Order Granting Plaintiff's Motion for Leave to File a First Amended Complaint and Extend the Time for Defendant to File a Responsive Pleading [Doc. No. 13]. The matter is fully briefed.  For the reasons articulated below, Defendant's Motion to Reconsider will be granted. Accordingly, the Court's prior Order [Doc. No. 10] will be vacated, Plaintiff's First Amended Complaint [Doc. No. 11] will be stricken from the record, Andrea Bielecki will be dismissed as a party, and Plaintiff's Motion to Remand [Doc. No. 21] will be denied.

### Background

The instant action is one for personal injury arising from Plaintiff's alleged slip and fall at an apartment complex owned by Defendant. On February 5, 2020, this case was removed to this Court from the Circuit Court of the City of St. Louis,

Missouri based on diversity of citizenship pursuant to 28 U.S.C § 1332.  Plaintiff

Jordan Shelton ("Plaintiff") is a citizen of Missouri and Defendant Richard Akins

("Akins" or "Defendant") is a citizen of Illinois.

On March 13, 2020, Plaintiff moved for leave to file a First Amended

Petition [Complaint] ("FAC"). In Plaintiff's motion, she stated:

> During the course of Plaintiff's ongoing investigation into this matter,
> it has been uncovered that on the date of her Plaintiff's (sic) fall
> Andrea Bielecki actively engaged and participated in the upkeep,
> repair and maintenance of the premises, and that Bielecki may have
> caused or contributed to cause the unsafe condition on the premises
> giving rise to Plaintiff's fall.

Plaintiff sought to add Andrea Bielecki ("Bielecki") as a defendant and allege one

count of negligence against her. On March 16, the Court granted Plaintiff leave to

file an FAC. Plaintiff filed her FAC the same day.

On March 27, 2020, Defendant filed the instant Motion for Reconsideration

of the Order Granting Plaintiff's Motion for Leave to File a First Amended

Complaint and Extend the Time for Defendant to File a Responsive Pleading

("Motion for Reconsideration"). Defendant alleges that Plaintiff sought to join

Bielecki, a dispensable party, only to defeat diversity jurisdiction, making joinder

improper. On May 7, Plaintiff filed a Motion to Remand to state court.

### Reconsideration

A district court has "the inherent power to reconsider and modify an

interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship*

*v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (internal quotation marks and citation omitted). Although the Federal Rules of Civil Procedure do not expressly provide for motions to reconsider, Rule 54(b) provides for courts to revise an interlocutory order any time prior to the entry of final judgment. Under Rule 54(b), a court may reconsider an interlocutory order to "correct any clearly or manifestly erroneous findings of fact or conclusions of law." *MacCormack v. Adel Wiggins Grp.*, No. 4:16-CV-414-CEJ, 2017 WL 1426009, at *2 (E.D. Mo. Apr. 21, 2017).

The Eighth Circuit expressly provides for reconsideration of orders granting leave to amend when, as here, the jurisdictional issue triggered by adding a non-diverse party was not brought to the attention of the Court or recognized by the parties. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009) ("[T]he district court granted Bailey's motion to amend his complaint and permitted Bailey to name two additional defendants without the court realizing such joinder destroyed the court's diversity jurisdiction. When the district court discovered the joinder defeated diversity jurisdiction, the court had discretionary authority to reconsider and reverse its previous joinder decision."). The Court now exercises that discretionary authority to reconsider Plaintiff's Motion for Leave to File the FAC.

## Amendment and Joinder

Generally, "[t]he court should freely give leave" to amend pleadings "when

justice so requires." Fed.R.Civ.P. 15(a)(2). However, "[p]ermission to amend may be withheld if the plaintiff ... is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." *Bailey*, 563 F.3d at 307. In cases concerning post-removal amendment and joinder of a nondiverse defendant, close scrutiny of amended pleadings is required. *Id.* at 309.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Joinder would be required if the plaintiff satisfied Fed. R. Civ. P. 19 by showing that the new parties are necessary and indispensable to a full resolution of the case." *Bailey*, 563 F.3d at 308. "The determination of whether or not a person is an indispensable party is one which must be made on a case-by-case basis and is dependent upon the facts and circumstances of each case." *Id.* The factors to consider when determining whether a party is indispensable include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be

adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* (quoting Fed. R. Civ. P. 19(b)). Plaintiff does not argue that Bielecki is indispensable; rather, she states that "permissive joinder of Bielecki is appropriate irrespective of whether or not she is deemed necessary and indispensable." In any case, the Court does not find that any of the indispensable party factors mandate joinder of Bielecki.

The Court next weighs the competing interests and the interests of justice, as described by the Eighth Circuit:

The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties. In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.

*Id.* at 309 (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987)). "[T]he Court is required to consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." *Id.* at 309 (alteration in original). It is important to note that "[i]n balancing the equities, the parties do not

5

start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum." *Johnson v. Travelers Home & Marine Ins. Co.*, No. 4:10CV520 JCH, 2010 WL 1945575, at *1 (E.D. Mo. May 12, 2010) (quoting *Sexton v. G & K Services, Inc.*, 51 F.Supp.2d 1311, 1313 (M.D. Ala. 1999)) (internal quotation marks omitted).

The circumstances of the case strongly indicate that Plaintiff's motive in joining Bielecki is to defeat federal diversity jurisdiction. Plaintiff admits that she knew of Bielecki and Bielecki's alleged responsibilities for upkeep and maintenance of the apartment complex prior to her injury. As excuses for her failure to name Bielecki as a defendant until after removal to federal court, Plaintiff states that she was unaware of Bielecki's last name, she did not know the exact relationship between Bielecki and Defendant Akins, a short amount of time had passed between her injury and filing suit, and that Bielecki had moved out of the apartment complex. The Court is not swayed by these excuses. Plaintiff, knowing of Bielecki's existence, potential liability, and likely citizenship could have included Bielecki as a fictitious defendant or waited to file suit until Bielecki's identity was ascertained. Rather, it seems Plaintiff joined Bielecki exclusively to defeat diversity jurisdiction, and this first factor weighs heavily against Plaintiff. *Brooks v. Kelly*, No. 4:11CV01510 AGF, 2011 WL 6009657, at *3 (E.D. Mo. Dec. 1, 2011) (citing *Kirk v. MetLife Investors USA Ins. Co.,* No.

1:07CV00140 ERW, 2007 WL 4395632, at *1 (E.D.Mo. Dec. 13, 2007)).

Plaintiff filed for leave to amend two months after she filed her petition in state court. This alone is not significantly dilatory. However, considering that Plaintiff's awareness and knowledge of Bielecki predates her petition in state court, the timing of the amendment so soon after removal indicates improper delay. *See, e.g. Johnson v. Travelers Home*, 2010 WL 1945575, at *2.

As to the third factor, Plaintiff argues that she will be prejudiced if not allowed to join Bielecki because she will have to conduct two trials and will be faced with an "empty chair defense" scenario, with Akins and Bielecki each blaming the other at their respective trials. Plaintiffs arguments are unavailing. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990). "[T]ortfeasors with joint and several liability are merely permissive parties." *Bailey*, 563 F.3d at 308. Because Plaintiff alleges that Akins and Bielecki are joint tortfeasors, Bielecki is a permissive party only. Plaintiff offers no evidence that she will not be able to recover fully for her claimed injury if Bielecki is a defendant in this cause. Plaintiff will not be significantly prejudiced if joinder of Bielecki is not allowed. *See, e.g. Parshall v. Menard, Inc.*, No. 4:16-CV-828 CEJ, 2016 WL 3903368, at *2 (E.D. Mo. July 19, 2016); *Johnson v. Travelers Home & Marine Ins. Co.*, 2010 WL 1945575, at *2. *See also, e.g. Johnson v. Texas*

*Roadhouse Holdings, LLC*, No. 4:10-CV-36 CDP, 2010 WL 2978085, at *3 (E.D. Mo. July 23, 2010); *Klotz v. Lowe's Home Centers, LLC*, No. 4:17-CV-282 (CEJ), 2017 WL 1426022, at *2 (E.D. Mo. Apr. 21, 2017).

## Conclusion

For the foregoing reasons, Defendant's Motion to Reconsider [Doc. No. 13], is granted. Therefore, the Court's March 16, 2020 Order granting Plaintiff leave to file an amended complaint [Doc. No. 10] is vacated, Plaintiff's First Amended Complaint [Doc. No. 11] is stricken from the record, Andrea Bielecki is dismissed as a party, and Plaintiff's Motion to Remand [Doc. No. 21] is denied as moot based on Bielecki's dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider the Order Granting Plaintiff's Motion for Leave to File a First Amended Complaint and Extend the Time for Defendant to File a Responsive Pleading [Doc. No. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** the Court's March 16, 2020 Order granting Plaintiff leave to file an amended complaint [Doc. No. 10] is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint [Doc. No. 11] is **STRICKEN**.

**IT IS FURTHER ORDERED** that party Andrea Bielecki is **DISMISSED**

from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [Doc. No. 21] is **DENIED as moot**.

Dated this 1st day of July, 2020.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE